BASKIN, Judge.
In consolidated appeals by the wife from an Order on Distribution of Monies and Finding of Facts and from an Order Denying Motion for Continuance both entered subsequent to a final judgment of dissolution of marriage, we are asked to determine the correctness of the trial court’s rulings. The trial court ordered the wife to reimburse the husband for mortgage, maintenance, and repair payments on the marital home. In addition, the court ruled that a property settlement agreement provision requiring the husband to pay the minor child’s medical expenses did not include psychiatric care. We reverse the court’s rulings on the mortgage, maintenance, and repair payments and affirm as to the medical expenses.[1]
The final judgment of dissolution of marriage incorporated a property settlement agreement entered by the parties three days earlier. The property settlement agreement provided that upon sale of the parties’ marital home, the net proceeds were to be divided equally “subject to the further conditions herein below set forth for the payment of certain obligations from *243 the Husband’s interest.” The wife and minor child were to live in the home until it was sold. The agreement provided:
5. The Husband shall be responsible for all mortgage payments (which include principal, interest, taxes and insurance) on said residence until the same is sold....
The agreement concluded:
Except as otherwise provided in this Agreement each party releases the other from all other claims and demands, but this is not intended to release in any way the obligations of either of the parties previously incurred voluntarily or by virtue of any prior Court Order.
In the prior court order, the Order Awarding Temporary Allowances, the court stated:
The Husband shall be required to pay the Wife the sum of $275.00 per week and shall also be responsible for and pay the following items as they become due and payable, to wit: .. . the mortgage payment ... medical and dental bills....
In resolving the dispute that arose between the parties after the home was sold, the trial court held that the husband was entitled to receive from the wife $25,8.62. That amount included a requirement that the wife pay $18,500 for half the mortgage payments accruing between the time the husband left the home and its sale, that she reimburse the husband $5,800 for maintenance and repair work, and pay him a credit of $1,562. The order also provided that the child support terms of the property settlement agreement requiring that the husband pay medical expenses excluded the cost of psychiatric care for the minor child.
The property settlement agreement clearly states that the husband shall be responsible for all mortgage payments. This provision is consistent with the earlier temporary support order also requiring the husband to be responsible for the mortgage payments. The husband contends that nothing in the agreement prohibits him from claiming half the mortgage payments as a reimbursement because he is a tenant in common with his former wife. He argues that the agreement creates a windfall for the wife and places disproportionate obligations upon the parties. The husband’s argument is totally devoid of merit. He apparently seeks to overturn the property settlement agreement he voluntarily entered and to avoid its consequences. Such action would render his agreement meaningless as the product of whim rather than of thoughtful planning to determine the parties’ rights. We find no error in the court’s action incorporating the agreement into the final judgment of dissolution. Since the agreement expressed the intent of the parties, the trial court erred in failing to enforce its provisions.
We reverse the trial court’s order insofar as it ignored the property settlement agreement provisions that the husband be responsible for repairs. This includes the $1,800 and $4,000 reimbursement by the wife to the husband for repairs and maintenance of the home. Both awards are reversed.
Turning to the provisions of the property settlement agreement concerning medical expenses to be borne by the husband, we find that upon examination of the testimony, neither the husband nor the wife agreed to include psychiatric care as part of those expenses. The matter was discussed, but no agreement was reached. Thus, the statement in the final order that “the parties intended by the Property Settlement Agreement to exclude as medical expenses the cost of psychiatric care for Neal Adler, the minor child” is accurate only as it pertains to the husband. We note that the husband refused to sign an agreement with the word psychiatry in it. It appears clear that the parties were not in agreement with regard to the payment by the husband of psychiatric medical expenses. We therefore affirm - the trial court’s order as to this issue, noting the understanding between the parties that Mrs. Adler might, in the future, apply for those funds.
Affirmed in part, reversed in part, and remanded for further proceedings.

. In light of our holding concerning the appeal of the distribution of monies and finding of facts order, we need not decide the issue pertaining to the order denying the motion for continuance.