HENDRY, Judge.
We have for review on appeal and cross-appeal portions of an order enforcing certain provisions of an agreement entered into by the parties and made a part of the final judgment of dissolution of marriage entered in 1974 by the Circuit Court of Dade County, Florida.
The agreement provided, in pertinent part, that: the husband would pay to the wife $100.00 per month as alimony, the husband would pay to the wife $300.00 per month as child support, and the parties would continue to own the marital residence as tenants in common with the wife *670 being responsible for all payments associated with the marital residence. The agreement further provided that upon the wife’s remarriage alimony would cease, the wife would pay to the husband an amount equal to one-half of the equity in the residence as of the date of the dissolution, and the child support payable from the husband to the wife would increase by an amount equal to the increase in the cost of living index between the date of the dissolution and the date of the wife’s remarriage.
In December, 1980 the appellant filed a motion for change of child custody.[1] On January 29,1981 appellee responded by motion for modification of child support, stating that she had remarried and needed an increase in child support payments based on the increased cost of living. Both motions were referred to and heard by a General Master. The General Master found, inter alia, that the consumer price index for urban consumers had risen from 146.9 to 258.4 between the time of the dissolution and the date of the wife’s remarriage. Accordingly, the General Master recommended that the child support payable by the husband to the wife be increased as of January 28, 1982, from $300.00 per month to $636.00 per month, with the first payment to commence as of February 15,1982.
Both parties filed exceptions to the Gen-_ eral Master’s report. After hearing thereon, the trial judge denied the exceptions. It is from this order that the husband has appealed and the wife has cross-appealed.
Appellant contends that the trial court erred in increasing the child support payments from $300.00 per month to $636.00 per month and, also, that it was error for the master and the trial court to use the consumer price index as the sole criterion for setting the amount of increase in child support. We find no merit in such contentions. The record does not show any compelling or extraordinary circumstances which would justify a refusal of the trial court to enforce the terms of the agreement between the parties. Underwood v. Underwood, 64 So.2d 281 (Fla.1953); Clark v. Clark, 79 So.2d 426 (Fla.1955); Jaffee v. Jaffee, 394 So.2d 443 (Fla. 3d DCA 1981); Adler v. Adler, 391 So.2d 242 (Fla. 3d DCA 1980); Smithwick v. Smithwick, 343 So.2d 945 (Fla. 3d DCA 1977). The trial court was correct in ruling in accordance with the terms of the agreement entered into by the parties.
As to the cross-appeal, we find merit in appellee’s contention that the court erred in ordering that the increase in child support should become effective as of January 28, 1982, rather than on the date of the wife’s remarriage, as was provided for in the agreement. We therefore reverse that portion of the order with directions to make the increase in child support effective retroactive to the date of the wife’s remarriage, i.e., January 2, 1981.
The order appealed is in all other respects affirmed.
Affirmed in part and reversed in part, with directions.

. The appellant subsequently abandoned this position.