SCHWARTZ, Judge.
In a 1976 property settlement agreement incorporated into the judgment of dissolution, the appellee-husband agreed, without stated limitation, to pay the “cost of private school expenses” for his two children, who were placed in the custody of his ex-wife. After he nevertheless declined to meet $5,694.56 in charges for the 1979-1980 school year at the Gulliver Academy, the mother moved to enforce the pertinent provision of the agreement. Mr. Fiesler resisted the motion on the grounds that, at the time of the agreement, the parties “contemplated” school costs of between $1,000-$1,-500 per year and that the mother had unjustifiably attempted to multiply his obligations by enrolling the children in a vastly more expensive institution. The trial judge denied the expenses claimed in their entirety.[1] We reverse.
The husband did not, and could not, allege that the choice of Gulliver was beyond the authority of the mother as the children’s custodian. See Bennett v. Bennett, 73 So.2d 274 (Fla.1954). Nor did he contend that he was financially unable to pay the tuition required by that school, so as perhaps to justify a modification of the agreement accordingly. See Osman v. Osman, 280 So.2d 67 (Fla. 3d DCA 1973), cert. denied, 289 So.2d 6 (Fla.1973). Under these circumstances, he was bound by his clear, unambiguous and unqualified undertaking to pay the full amount of the bills in question. Jaffee v. Jaffee, 394 So.2d 443 (Fla. 3d DCA 1981) (holding it improper to vary terms of property settlement agreement “through the insertion of qualifying language which does not appear on its face”); Adler v. Adler, 391 So.2d 242 (Fla. 3d DCA 1980). The order under review is therefore reversed and the cause is remanded with directions to grant the appellant’s “motion for payment of private school expenses.”
Reversed.

. This ruling is difficult to understand since, even under the husband’s position, he would have been liable for at least the $1,500 he “contemplated” would be paid.