474 So.2d 1212 (1985)
Pamela SMITH, Appellant,
v.
Ballard F. SMITH, Appellee.
No. 84-1764.
District Court of Appeal of Florida, Second District.
August 7, 1985.
Rehearing Denied September 10, 1985.
Howard B. Bischoff, Bradenton, for appellant.
James A. Garland, Bradenton, for appellee.
RYDER, Chief Judge.
In this post-dissolution of marriage action, the trial court denied the wife's request for a modification of child support. We reverse.
The parties were married in 1963 and divorced in 1975. At the time of the divorce, the husband was a resident physician earning approximately $14,700.00 per year. The divorce decree ordered him to pay $187.50 per month or $2,250.00 per *1213 year as child support for each of the parties' two minor children. The wife was then employed as a medical secretary earning $5,200.00 annually.
In 1980, the wife filed a petition to modify the child support award which, due to other intervening legal activity, was not heard until 1984. By the time of the hearing, one of the children was no longer a minor; therefore, the petition was moot as to that person.
In 1984, the mother was employed as a patient services representative at a hospital earning approximately $19,500.00 per year. The father was a self-employed cardiologist physician earning approximately $120,000.00 per year. Both parent/parties had remarried and the father had adopted his present wife's three children. The father's financial affidavit showed, inter alia, that he allocated approximately $25,000.00 per year for religious donations, $5,000.00 per year for vacations, and some $2,000.00 per year for entertainment.
The minor child was four years old when his parents divorced and thirteen at the time of the modification hearing. The mother presented unrebutted evidence of the child's increased needs. He requires approximately $330.00 per month for food, clothing, medical bills and health insurance. Pursuant to the divorce decree, the mother maintained health insurance for the child and, other than the child support payment, the father had no additional responsibility for paying medical bills not covered by the health insurance. The mother also testified that the child needs braces which will cost at least $2,000.00 and athletic equipment required for his participation in various sports. He would like to attend summer camp and own a musical instrument and personal computer. Although the mother is able to provide the child with the basic necessities of life, she is unable to give him these luxuries from her present income.
On the record presented here, we hold that the trial judge clearly abused his discretion in refusing to increase the child support payments. The wife's unrebutted evidence that the monthly expenses for the child's basic needs exceeded the child support payment established a prima facie case for an increase. A trial court abuses its discretion when it refuses an increase in such circumstances. Meltzer v. Meltzer, 356 So.2d 1263 (Fla.3d DCA 1978), cert. denied, 370 So.2d 460 (Fla. 1979).
The father's earnings have increased substantially in the nine years since the divorce. We can and do take judicial notice that the child support award has been seriously eroded by inflation. Desilets v. Desilets, 377 So.2d 761 (Fla.2d DCA 1979). Furthermore, a substantial increase in the father's earnings, by itself, justifies an increase in child support. Schottenstein v. Schottenstein, 384 So.2d 933 (Fla.3d DCA 1980); Meltzer v. Meltzer.
The father argues that the mother can provide for the child's basic needs and the child's wishes for some of life's luxuries fails to establish an increased need. However, we remind him that a child is entitled to share the good fortune of both parents. Wanstall v. Wanstall, 427 So.2d 353 (Fla.5th DCA 1983). The child's residence with his mother does not mean that the father must do no more than provide a survival level of support. In this case, as previously noted, the father is not even paying his fair share of the child's basic needs.
The case of Diaco v. Diaco, 363 So.2d 183 (Fla.2d DCA 1978), although factually similar, is fundamentally different than this case. In Diaco, the mother sought an increase in child support less than two years after the divorce. The record presented by the mother failed to establish the child's increased need. The mother did not argue that the substantial increase in the father's income warranted an increase. Rather, she argued that the father's voluntary contributions established an increased need. In this case, the increase was sought nine years after the divorce and the record presented by the mother establishes increased need. The mother does not base her request on voluntary extra contributions, *1214 if any, made by the father but on the child's increased need and the father's much enhanced ability to pay. Therefore, the Diaco decision, wherein we affirmed the trial court's denial of the mother's petition, is not controlling here.
Accordingly, for the reasons stated above, we reverse the order appealed from and remand this matter to the trial court for entry of an order increasing the child support commensurate with the needs of the child and the father's financial ability. We further direct that the additional child support be awarded retroactive to the date the mother's petition for modification was filed. Schottenstein v. Schottenstein; Meltzer v. Meltzer.
DANAHY and CAMPBELL, JJ., concur.