FERGUSON, Judge.
In 1983 the court entered a final judgment of paternity finding that Johnnie B. Render was the father of Koby Lee Clark who was born in July 1980. The court ordered Render to pay $30 each week to support the child.
Three and a half years later, Koby’s mother, Patricia Clark, moved to modify the final judgment alleging that the child’s needs had increased substantially since entry of the original support order and that the father’s ability to pay had also increased substantially. The motion further alleged that it would be in the child’s best interest that the father’s weekly child-support payment be increased.
The parents filed financial affidavits. The father’s affidavit showed that his income had risen by over thirty percent. Render, a Metro-Dade bus driver, had received annual pay increases over the past three years resulting in an increase in net income from $750 biweekly in 1983 to $1,000 biweekly in 1987. Clark’s financial affidavit revealed an even larger increase; her gross income of $19,000 at the time of the final judgment had risen to $25,000 in 1987. She earned an additional $7,000 in overtime pay in 1987. It is undisputed that the parents’ base incomes are approximately equal. By financial affidavit and testimony the mother showed increased costs of providing for the child’s basic needs and special tutoring.
At the conclusion of a hearing on the mother’s motion the trial judge stated:
I think that for [the father] to pay $30 a week for the support of his child is disgraceful.
I think he nevertheless was ordered to pay $30 a week, and in order for me to find that there must be — there can be an upward modification, I have to find some substantial change in circumstances, and quite frankly counsel is right, there’s very little change in circumstances, if any, one, and two, what there is, not if any, there is obviously some as children get older it costs something more to pay for them.
Two, what change in circumstances there has been, has been more than offset merely by the mother’s increase in income.
If this were an original proceeding .... I would award a sum that is perhaps triple what he’s now paying for child support.
Finding that the substantial rise in the mother’s income was more than was necessary to meet the child’s increased needs, and that his hands were bound by the law, the trial court entered an order denying the modification. Our examination of the relevant legal principles shows, to the contrary, that the court is not bound to inequitable results where modification of a child-support order is justified.
Section 61.13(l)(a), Florida Statutes (1987), answers the threshold question whether facts are presented authorizing the court to act on the motion to modify support payments. Modification is permitted not only where there is a substantial change in the circumstances of the parties but also where an increase in support is *439 necessary in “the best interest of the child.” Wood v. Wood, 272 So.2d 14 (Fla. 3d DCA 1973) (modification permitted where necessary for the best interest of the children even where there was no substantial change in circumstances). The same power conferred upon the court by section 61.13(l)(a) to consider the circumstances of the parties and what is equitable from the nature of the case in making an initial support order guides future child-support determinations. Accordingly, section 61.14(1), Florida Statutes (1987), provides: “[T]he court has jurisdiction to make orders as equity requires, with due regard to the changed circumstances or the financial ability of the parties or the child....” (Emphasis added.)
Under the facts of this case, equity might require modification. It is settled public policy that the duty to support minor children rests equally on both parents, O’Brien v. O’Brien, 424 So.2d 970 (Fla. 3d DCA 1983), and that a child is entitled to share in the good fortunes of both parents. Smith v. Smith, 474 So.2d 1212 (Fla. 2d DCA 1985), rev. denied, 486 So.2d 597 (Fla. 1986); Wanstall v. Wanstall, 427 So.2d 353, 355 (Fla. 5th DCA 1983); see generally Note, Congress Demands Stricter Child-Support Enforcement: Florida Requires Major Reforms to Comply, 10 Nova L.J. 1371 (1986). It follows that where the financial situation of both parents has improved, it is not only the custodial parent who must bear the responsibility to meet the increased needs of the child; the noncustodial parent, to the extent that his or her ability to contribute has also increased, must share that burden. ■
We reverse and remand for the court to reconsider the mother’s motion for modification in accordance with this interpretation of the law.
SCHWARTZ, C.J., concurs.