WALDEN, Judge,
dissenting.
In my opinion, under the facts and circumstances of this case, the trial court abused its discretion and committed reversible error as to the following matters.
Although the husband agreed to pay all of the private school tuition and costs under the parties’ agreement, made at the time of dissolution, the trial court did not require the former husband to pay all of the childrens’ private school tuition and expenses claimed by the wife. The record shows that after the final judgment of dissolution was entered in September 1984, the parties reconciled in December 1984 for a period of eight months. During the reconciliation the children were enrolled at Miami Country Day School with the husband’s consent. When the parties again separated the wife did not consult the husband about continuing their attendance at that same school. The unpaid tuition and expenses associated with the childrens’ private schooling amounts to over $21,000 but the trial court required the husband to pay only the reasonable cost of the tuition and found that to be $4,200.
It is clear that although the husband knew where the children were going to school, over the three year period from the time of the reconciliation, he did not voice any objection to the school chosen by the wife but simply stopped paying tuition and expenses. He now claims he had such a right to refuse to pay for schooling which he was not consulted about. The former husband reasons that since the wife did not *145 honor their agreement, by failing to consult him prior to enrolling the children in school each term, he should not be held to the provision requiring him to pay for private schooling. I deem his failure to have the court resolve the apparent dispute over which school the children would attend, to be an acquiescence in the wife’s decision as to where the children would be enrolled. As in Fiesler v. Fiesler, 395 So.2d 1261 (Fla. 3rd DCA 1981) the father did not allege that the choice of school was beyond his financial resources. To the contrary, he approved and paid for the children’s attendance at Miami Country Day School prior to the time that his income increased to well over $100,000 per year. He should not be excused from this agreed-to support obligation when, by his actions, he acquiesced in the decision.
Turning now to the court’s denial of the wife’s request for an increase in child support. The request was grounded on the husband’s increased ability to provide support by virtue of his income more than doubling from the time of the dissolution judgment. Although the majority found no evidence in the record that the childrens’ need for support had increased, the fact that their father’s income has more than doubled since the time of entry of the final judgment is, by itself, sufficient grounds for increasing his support obligation. See Meltzer v. Meltzer, 356 So.2d 1263 (Fla. 3rd DCA 1978). The childrens’ right to share the increased income of their natural father, and his obligation to provide support is not lessened by their mother’s remarriage into wealth. Alfrey v. Alfrey, 553 So.2d 393 (Fla. 4th DCA 1989); Clark v. Render, 530 So.2d 437 (Fla. 3rd DCA 1988); Smith v. Smith, 474 So.2d 1212 (Fla. 2nd DCA 1985), rev. denied, 486 So.2d 597 (Fla.1986).