591 So.2d 283 (1991)
Carol ASRANI, Appellant/Cross Appellee,
v.
Ajit ASRANI, Appellee/Cross Appellant.
No. 90-0323.
District Court of Appeal of Florida, Fourth District.
December 4, 1991.
Rehearing Denied January 28, 1992.
*284 Susan J. O'Hara, Palm Beach, and Russell S. Bohn, Edna L. Caruso, P.A., West Palm Beach, for appellant, cross appellee.
Neil B. Jagolinzer, Christiansen, Jacknin & Tuthill, West Palm Beach, for appellee, cross appellant.
PER CURIAM.
We affirm the order of the trial court which denied the former wife's petition to set aside the final judgment of dissolution of marriage, which approved the parties' property settlement agreement and addendums. We do so on the authority of Casto v. Casto, 508 So.2d 330 (Fla. 1987), and Micale v. Micale, 542 So.2d 415 (Fla. 4th DCA 1989).
On the former husband's cross appeal we also affirm. The evidence showed that the expenses for the wife and the child were approximately $2000 per month; however, the trial court modified the former husband's obligation for child support upward to $2500 per month. The former husband had recently realized several millions of dollars[1] due to a profitable condemnation settlement for certain real estate, formerly marital property. The former wife's income has remained constant and her assets have not substantially appreciated since the final judgment.
The trial court has the duty and the authority to ensure that the best interests of the child are served. It is considered a substantial change in circumstances when the former husband's net worth and income have increased so that he can bear to pay more for the support of his child. Alfrey v. Alfrey, 553 So.2d 393 (Fla. 4th DCA 1989). The child is entitled to share the good fortune of both parents. Smith v. Smith, 474 So.2d 1212 (Fla. 1985). The former husband in this case has an income of approximately $12,000 per month, and we do not see any abuse of discretion in the trial court's ordering him to pay $2500 of that to support his child.
The order on appeal is affirmed and the order on cross appeal is, likewise, affirmed.
LETTS, STONE and POLEN, JJ., concur.
NOTES
[1] The exact amount of the condemnation proceeds were not established at the time of hearing, but was to be between 3.1 million and 5.2 million dollars.