596 So.2d 1223 (1992)
Theodore GIBSON, Appellant/Cross-Appellee,
v.
Stephanie GIBSON, Appellee/Cross-Appellant.
No. 91-00632.
District Court of Appeal of Florida, Second District.
April 10, 1992.
David A. Maney and A. Ann Arledge of Maney, Damsker & Arledge, P.A., Tampa, for appellant/cross-appellee.
Mark A. Neumaier, Tampa, for appellee/cross-appellant.
DANAHY, Judge.
In this appeal from a final judgment of dissolution of marriage, the husband raises issues concerning the orders for child support, medical and dental health insurance coverage for the child, private school tuition and expenses for the child, rehabilitative alimony for the wife, and fees and costs for the wife. The wife cross-appeals the award of rehabilitative alimony as insufficient. We affirm in part and reverse in part on the husband's appeal and reverse on the wife's cross-appeal.
The parties married in 1981 shortly after the husband graduated from high school and the wife completed the eleventh grade. In the judgment, the trial judge accurately described their life-style:
[T]he parties lived a very lavish lifestyle. They drove Porsche and BMW automobiles; *1224 enjoyed the use of a high powered speed boat; took vacations frequently; enjoyed the company of exotic birds and pets, including a cougar; and owned horses, including a race horse. They had parties on a regular basis and numerous dinner parties. They dined out regularly at expensive restaurants. The furnishings of their homes were quite lavish.
During the majority of the marriage the husband was not occupied with gainful employment and has always enjoyed an active life-style which included taking computer courses, skydiving, scuba diving, dirt bike racing, and participation in a twelve-week jungle warfare class in Guatemala. This affluent life-style was supported almost totally by monies the husband received as a beneficiary of several trusts. The distributions he received from the trusts during the last three full calendar years of the marriage before the parties separated ranged from $74,250 in 1987 to $136,395 in 1989, after taxes. He did work for approximately one year as the manager of a hobby shop and for a short time with Tampa Electric Company in a work-study program while he attended college. He had taken courses at Hillsborough Community College and the University of Tampa, and expressed an interest in graduating from the University of South Florida, but had not qualified for any degree.
The wife's contributions to the family were as full-time homemaker and mother to the parties' child who was 6 1/2 years old at the time of separation. Because of her lack of education and training, the wife's financial contributions to the marriage were negligible. She has received her GED and at the time of the final hearing had started college course work which she was finding difficult. Her goal is to graduate from college and attend graduate school so that she may support herself in a profession she hopes will be in the field of medicine. She demonstrates interest and aptitude but is hampered by below-average academic skills.
The husband's issues on appeal center on expenses he was ordered to pay for child support, private tuition and school expenses for the child, medical and dental health insurance for the child, rehabilitative alimony for the wife, and payment of her fees and costs. We have carefully considered all his contentions and find no error or abuse of discretion save in one particular upon which we must reverse. The trial court omitted a finding that medical and dental health insurance for the child is reasonably available to him either through group insurance at a reasonable rate as contemplated in section 61.13(1)(b), Florida Statutes (1989), or otherwise, taking into consideration his ability to pay. See Haas v. Haas, 552 So.2d 221, 225 (Fla. 2d DCA 1989).
On cross-appeal, while the wife does not argue she should have been awarded permanent alimony after this ten-year marriage, she does contend that the award of rehabilitative alimony is insufficient in light of the uncontradicted testimony of her vocational expert witness on the time and effort necessary to provide rehabilitation for this reasonably young, healthy, intelligent, and motivated woman. She also argues that, in light of the fact that there is no provision for permanent alimony, the amount of rehabilitative alimony the trial court awarded, $1700 per month for four years, is inadequate to maintain even a basic household, much less trying to rehabilitate herself. We agree. The trial court's worthy efforts to allow her to rehabilitate herself are insufficiently funded. The evidence showed that her basic monthly living expenses include an $815 mortgage payment, homeowner's association fees of $180, utility expenses of $450, and $730 in automobile expenses. Although she was awarded the marital residence, the trial court also awarded her the responsibility for its mortgage and upkeep, apparently because the husband, when he was responsible for the mortgage bills, had allowed the home to go into foreclosure. She must also provide her own vehicle which was previously paid for by the husband. The amount awarded for rehabilitative alimony is clearly inadequate because it neither covers her fixed expenses nor includes anything for basic food, clothing and medical expenses, or college expenses so that she might attempt rehabilitation. Contrary to the husband's argument on this issue, we do not view the wife's arguments here *1225 as an attempt to equalize the parties' incomes. We view the instant scenario as one where the wife has been shortchanged and has indeed passed automatically from prosperity to misfortune contrary to the admonition of Canakaris v. Canakaris, 382 So.2d 1197 (Fla. 1980). Although we are sensitive to the fact that the husband's ability to pay any portion of the wife's support is based on the distributions from the trusts, absent any contributions he could make on his own should he decide to seek gainful employment, the wife's level of misfortune is one which the husband has a current ability to avoid while still providing a very comfortable life-style of his own.
In sum, on the direct appeal, we affirm in part and reverse in part; on the cross-appeal, we reverse. On remand, the trial court shall increase the award of rehabilitative alimony and make the necessary finding on the record to support that part of the judgment ordering the husband to provide medical and dental health insurance for the child.
RYDER, A.C.J., and LEHAN, J., concur.