WIGGINTON, Judge.
Appellant appeals the trial court’s denial of her petition for modification of child support. We reverse and remand.
The parties were married in 1978, had three children and divorced in September 1989. The Final Judgment of Dissolution incorporated a settlement agreement signed by the parties, which provided that appellant would have primary residential custody of the children and appellee would pay child support in the amount of $533.33 per month for each child, for a monthly total of $1,600. The agreement on that amount was based upon appellee’s sworn statement that, at the time of the signing of the agreement, his net monthly income was $5,417.
Undisputed evidence presented at the hearing on appellant’s petition shows that appellee’s net monthly income at the time of the hearing was at least $10,402. In his testimony, appellee confirmed that his August 1989 financial affidavit reflecting a monthly income of $5,417 was accurate at that time. The evidence also shows that appellant, who is currently a law student, is unemployed and has no other source of income with which to support the children. In her petition, appellant alleged a substantial increase in appellee’s income and an increase in the children’s needs.
No view of the evidence can support the trial judge’s conclusion that appellant has not shown an increase in appellee’s income after the parties’ signing of the settlement agreement. The fact that appellee may have had an income greater than $5,400 per month during times prior to or after the signing of the settlement agreement is irrelevant to the issue at hand. As quoted in Hosseini v. Hosseini, 564 So.2d 548 (Fla. 1st DCA 1990), in Meltzer v. Meltzer, 356 So.2d 1263 (Fla. 3d DCA), cert. denied, 370 So.2d 460 (Fla.1979), the court found an increased award of child support inadequate because the amount awarded was “simply not in proportion to the father’s ample earnings and the abundant needs of school age children.” The court declared:
Where the appellant establishes a prima facie case for an increase in child support, it is an abuse of discretion for the lower court not to make some award.... Even where the only change in circumstance is nothing more than a substantial increase in the earnings of the former spouse, child support may nonetheless be increased.
Id. at 1265.
In the instant case, we find that appellant clearly established a prima facie case for an increase in child support and the trial judge’s refusal to make an award proportionate to the father’s ample earnings and the abundant needs of the minor children was an abuse of discretion. Therefore, we reverse the order denying appellant’s petition for modification of child support and remand to the trial judge to enter an award of child support commensurate with the current needs of the children and appellee’s ability to pay. The award of increased child support shall be retroactive to the date of the filing of appellant’s petition for modification. See Witcher v. Petty, 534 So.2d 1240 (Fla. 5th DCA 1988).
*235 REVERSED and REMANDED for further proceedings consistent with this opinion.
ERVIN and MINER, JJ., concur.