PER CURIAM.
This is an appeal from a final judgment modifying a divorce decree. The husband claims several errors. We find merit in his claims that the child support award was an abuse of discretion, that the modification should be retroactive, and that he was not accorded a hearing on attorney’s fee entitlement.
The trial court found that the husband’s net income was $13,000 a month, and the wife’s net income was $3,600 a month.[1] The children spend 40% of their time with their father, including the first ten days of each month. The evidence presented by the wife was that she allocated $3,541 of her expenses to the children. (This figure did not include what was paid by the husband for the children’s benefit but it did include a portion of the mortgage payment, insurance, real estate taxes, furniture purchases, roof repair, gifts, credit card bills, and groceries which included liquor purchases.) The trial court ordered the husband to pay $4,000 per month to the wife. In addition, the husband was also ordered to pay $20,000 annually for private school tuition. Further, the wife’s expert testified that the husband’s direct expenses allocable to the children when they were with him were $2,618 per month. These expenses did not include any pro rata allocation for housing, groceries, etc., as did the wife’s figures, even though the father cares for the children for a substantial portion of each month. Thus, the effect of the trial court’s order was that the husband spent over $7,300 per month on the children.
Under these circumstances, where both the wife and husband earn substantial incomes and the children stay with their father 40% of the time, the husband should not be obligated to pay one hundred per cent of the wife’s expenses to support the children, let alone an amount in excess of their needs. Even under Canakaris v. Canakaris, 382 So.2d 1197 (Fla.1980), we hold that this is an abuse of discretion. We do not believe this conflicts with this court’s recent decision of Asrani v. Asrani, 591 So.2d 283 (Fla. 4th DCA 1991), as the facts of that case were different. We would caution the Bar that an analysis of the Canakaris discretion standard depends upon the particularized facts of each case. Thus, it is wrong to interpret these cases to create a bright line percentage of income test, an award in excess of which will uniformly be held to be excessive or an award less than a certain percentage will be upheld without question.
On remand the trial court should also reconsider that portion of the order making the child support modification retroactive to the date of filing the petition. It is clear from the evidence that the husband had been making voluntary payments for the children’s benefit throughout the proceedings. At a minimum, he should have been given credit on any retroactive award for such portion of those payments which paid for expenses which the wife now claims as child support.
We also reverse on the issue of attorney’s fees. The parties entered into a pretrial stipulation reserving the issue of entitlement and amount of attorney’s fees and costs to a separate hearing. Nevertheless, the trial court determined entitlement *393 and ordered the husband to pay the wife’s fees. Unless the trial court makes it clear prior to trial that the stipulation to reserve the issue would not be honored, it is binding on the court. See Lotspeich Co. v. Neogard Corp., 416 So.2d 1163 (Fla. 3d DCA 1982). While we would not require the trial court to rehear evidence of the parties’ finances, which were exhaustively revealed at trial, the parties should be accorded a hearing at which they might put on any other evidence regarding entitlement which may be relevant to the issue.
As to the remaining issues, we affirm.
WARNER and POLEN, JJ., and FEDER, RICHARD Y., Associate Judge, concur.

. The husband disputes these figures, and there is much evidence in his favor. Nevertheless, there was also competent, substantial evidence to support the trial court’s figures.