PATTERSON, Judge.
The former wife in this modification of child support case appeals from the final order and argues that the trial court’s modification provisions do not comport with the property settlement agreement which was incorporated into the final judgment of dissolution of marriage. She also argues that the trial court erred in failing to order the former husband to continue paying child support until the children graduate from high school, even though the son will be eighteen years old in the eleventh grade. We agree with the wife’s first contention and reverse in part; however, we affirm the remainder of the trial court’s order.
The parties’ property settlement agreement provides that the husband was to pay, as part of his child support obligation, the monthly mortgage payment directly to the mortgage company. The remainder of the child support was to be paid to the wife through the Domestic Relations Department of the clerk of the circuit court.
Following the modification proceedings, the trial court increased the amount of child support to be paid to the wife, but denied the wife’s request for that payment to go through the clerk of the court on the grounds of “impairment of contract.” This was error. The court was mistaken in its belief that the parties had not previously *115 agreed to this method of payment in the final judgment. In addition, regardless of the parties’ agreement, the trial court was entitled to modify the method of payment if it was in the best interest of the children. See Tietig v. Boggs, 602 So.2d 1250 (Fla.1992).
The husband argues that the clerk of the court is not equipped to handle variable payments. However, the payment to the wife is not variable. Only the mortgage payment, which is to be paid directly to the mortgage company, will fluctuate. The husband mistakenly argues that the entire amount of child support is fixed and if the mortgage payment increases, the payment to the wife will decrease. The order of modification specifically states that “the [husband] is ordered to pay the mortgage payment, irresptive [sic] of any increase in the payment, and such increase in the mortgage payment shall not be subtracted from the remaining amount of child support to be paid by the [husband].” Therefore, we reverse the portion of the order denying partial payment through the clerk of the court.
However, we affirm the portion of the order which denies the wife’s request to extend child support payments until the children complete high school. Although section 743.07(2), Florida Statutes (1991),[1] allows a trial court to order support to be paid for a dependent person between the ages of eighteen and nineteen who is still in high school, such an order is discretionary. The wife failed to show that the trial court abused that discretion.
Reversed in part, affirmed in part and remanded for further proceedings.
FRANK, C.J., and DANAHY, J., concur.

. 743.07 Rights, privileges, and obligations of persons 18 years of age or older.—
[[Image here]]
(2) This section shall not prohibit any court of competent jurisdiction from requiring support for a dependent person beyond the age of 18 years when such dependency is because of a mental or physical incapacity which began prior to such person reaching majority or if the person is dependent in fact, is between the ages of 18 and 19, and is still in high school, performing in good faith with a reasonable expectation of graduation before the age of 19.