672 So.2d 74 (1996)
Shirley HYATT n/k/a Shirley Sanders, Appellant,
v.
Terry Leroy HYATT, Sr., Appellee.
No. 95-2636.
District Court of Appeal of Florida, First District.
April 19, 1996.
Joseph R. Boyd and William H. Branch of Boyd & Branch, P.A., Tallahassee; Chriss Walker, Department of Revenue, Office of Child Support Enforcement, Tallahassee, for appellant.
Mike Carter, Crawfordville, for appellee.
WOLF, Judge.
The former wife challenges the trial court's order denying a request for child-support modification, arrears in child support, and request for attorney's fees. We find no error in the denial of the request for arrears, and affirm as to that point without further discussion. We determine, however, that the trial court erred in denying the modification request, and we are unable to determine on what basis the trial court denied the request for attorney's fees. We, therefore, remand for further proceedings on the request for attorney's fees.
In September 1988, the court ordered the former husband to pay $175 per month per child to the mother who had custody of both children. In April 1992, the parties agreed that the mother would keep custody of the younger child, and the father would take *75 custody of the older child. By prior agreement, the mother and father had also decided that the father did not have to pay child support until both children were again living with the mother.[1] In March 1993, however, the older child moved out of the father's home, but did not return to live with the mother. He instead lived with various other relatives from 1993 until the present.
On November 18, 1994, the mother filed a petition for modification of child support and parental responsibility. Following a hearing, the trial court made the following findings of fact:
1. Each party has a minor child living with them and is providing support for that child.
2. By prior agreement, child support was stopped until written notice was given and both children were living with the former wife.
3. Neither party is required to pay the other party child support so long as each party has the primary physical custody of one child.
We have several problems with the trial court's order: (1) it failed to determine whether there had been a substantial change in circumstances since the April 1992 agreement was signed; (2) it failed to determine whether modification would be in the best interests of the child; (3) there was no competent substantial evidence to support the determination that the older child was living with the father; (4) if the trial court imputed income to the wife, there are no factual findings to support that determination; and (5) it is not readily apparent from the record or the order why the former wife's request for attorney's fees was denied.
In the petition, the mother alleged there had been a substantial change in circumstances based on the following factors:
a. Inflation.
b. The younger son required private schooling to overcome substantial academic problems.
c. The former wife had an accident and is physically disabled; as a result, she is unable to earn any income to support her children. The financial burden for the younger son has fallen solely upon the former wife's present husband, who has no legal obligation to support the former husband's children.
d. The former husband's income has substantially increased.
e. Pursuant to section 61.30, Florida Statutes, the present support amount for the younger son should be $350, which represents a percentage difference substantially greater than the 15 percent required for a modification of child support under section 61.30(1)(b).
The husband's financial affidavit indicated that he had a monthly income of $1,873 a month. He argued that if income was imputed to the wife, his support obligations would be $285 a month. The mother testified that the older son was not living with the father during 1993 and 1994. During that time, she requested that the father begin making child support payments for the younger son based on an alleged verbal agreement between the father and herself that if the older son was no longer with the father, the father would start supporting the other child.
Regarding the mother's income, her financial affidavit shows that she has no income, but is supported by her husband. The mother testified that she had surgery May 4, 1995, and had four doctors tell her that she was 100 percent permanently disabled. She admitted that although she had applied for social security, her application had been denied, and she was currently appealing the decision. The mother also testified that she was a licensed barber, a licensed veterinarian technician, a certified phlebotomist, and a certified emergency medical technician.
In Tietig v. Boggs, 602 So.2d 1250 (Fla.1992), the supreme court determined that a party seeking an increase in child support after a settlement agreement must *76 only prove a substantial change in circumstances similar to that required in modification of dissolution judgments which do not incorporate a settlement agreement. The court should also consider the best interests of the child. Booth v. Booth, 625 So.2d 114 (Fla. 2d DCA 1993). In the instant case, the trial court merely stated that an agreement existed in denying the request for child support. The only portion of the order which conceivably could be argued to address a change of circumstances and best interests of the child is that "[e]ach party has a minor child living with them and is providing support for that child...." This finding is not supported by the evidence. Because it is clear that the trial court failed to use the proper standard in denying the request for modification of child support, we reverse the trial court's determination as to this issue, and remand for further proceedings.
The trial court's order also fails to state whether it found that each party had the ability to pay their own attorney's fees. The record shows that the mother had no income. Although the trial court had discretion to find that the mother had the ability to work, but was not doing so, it did not make this finding. Although appellee, father, claims that the mother is "faking" her disability, there is no evidence in the record that the mother can actually work. Absent such a finding, the trial court's denial of fees is found to be erroneous due to the existence of undisputed and substantial disparity in the income of the parties. See Pfeifer v. Pfeifer, 616 So.2d 1190 (Fla. 4th DCA 1993). On remand, the trial court should make the proper findings regarding attorney's fees and costs, specifically whether each party has the ability to pay their own fees.
JOANOS and MICKLE, JJ., concur.
NOTES
[1] The April 1992 agreement as to custody was in writing and was included in the record on appeal. Although a prior agreement as to support was not in the record, the mother testified at the hearing that she signed an agreement, and she read it into the record. We do not question the trial court's acceptance of this agreement as valid.