446 So.2d 256 (1984)
In re the Marriage of William F. LYKENS, Jr., Appellant,
v.
Mary E. LYKENS, Appellee.
No. 83-694.
District Court of Appeal of Florida, Fifth District.
March 8, 1984.
*257 Joseph M. Murasko, Fern Park, for appellant.
Jack T. Bridges of Cleveland & Bridges, Sanford, for appellee.
ORFINGER, Chief Judge.
The husband appeals from a final judgment dissolving the marriage between the parties and awarding the wife alimony and child support and exclusive possession of the marital residence.
Although the final judgment is silent in this regard, the parties both agreed at oral argument that it is the wife's obligation to make the mortgage payments on the marital residence during the period of exclusive possession. We find no abuse of the court's discretion in awarding the wife permanent periodic alimony and child support, nor in the amount of such award, and we find no abuse of such discretion in the award to the wife of exclusive possession of the marital residence, so on those issues the judgment is affirmed.
The court found that from the support money voluntarily paid by the husband during their separation, the wife had managed to save the sum of $10,000, which she contended was for the college education of the two younger children. The court therefore ordered that the $10,000 be held by the wife in "... trust for the higher education of the remaining unemancipated children, and if not used for that purpose prior to the youngest child attaining the age of twenty-one (21), then ... the funds shall be divided equally between the husband and wife herein."
The husband contends that the court erred in requiring the $10,000 fund to be held in trust for the college education of the two unemancipated children, and we agree. There is nothing in the record to even suggest that these children are physically or mentally handicapped. Under these circumstances, there is no legal obligation imposed upon a divorced parent to provide his children with a college education. Thomas v. Thomas, 427 So.2d 259 (Fla. 5th DCA 1983). As this court said in *258 Keenan v. Keenan, 440 So.2d 642 (Fla. 5th DCA 1983).
While we firmly believe that parents, divorced or undivorced should provide their children with as much formal education as each child can absorb and the parents can afford, this court cannot create a legal duty to do so where none exists. That power rests in the legislature. Other courts apparently share this view. Kern v. Kern, 360 So.2d 482 (Fla. 4th DCA 1978); Dwyer v. Dwyer, 327 So.2d 74 (Fla. 1st DCA 1976); Krogen v. Krogen, 320 So.2d 483 (Fla. 3d DCA 1975). See also Coalla v. Coalla, 330 So.2d 802 (Fla. 2d DCA 1976), where the court struck down a requirement that the father provide support to children past the age of 18 while such "children continue in school or college ..."
The trial court obviously found the $10,000 to be a marital asset, because he ordered it to be equally divided if not used to provide the children with a college education. Since the trial court had no legal authority to require the father to use his portion of the fund for that purpose, the requirement that the money be held in trust for that purpose was erroneous and that portion of the final judgment is reversed with directions to divide the fund between the parties. Because the wife will now have outright ownership of one-half of this fund, the trial court in its discretion may wish to reexamine the award of attorney's fees to the wife in the light of the additional asset which she will now have, and is authorized to do so.
The final judgment is affirmed in part and reversed in part and remanded.
AFFIRMED in part, REVERSED in part, and remanded.
COBB, J., and CYCMANICK, M.F., Associate Judge, concur.