579 So.2d 826 (1991)
Vicki S. TOUCHSTONE, Appellant,
v.
Myron Lavelle TOUCHSTONE, Appellee.
No. 90-838.
District Court of Appeal of Florida, First District.
May 13, 1991.
Stephen S. Poche of Cotton, Wesley, Poche' & Gates, Shalimar, for appellant.
Patricia S. Grinsted of Grinsted & Grinsted, Shalimar, for appellee.
NIMMONS, Judge.
Vicki Touchstone appeals from a final judgment of dissolution of marriage in which the trial court denied her petition for rehabilitative alimony and awarded child support which departed from the minimum amount under the guidelines of Section 61.30, Florida Statutes (1987).
We find the rehabilitative alimony issue is without merit. We find, however, that the trial court erred in departing from the statutory minimum child support guidelines amount without stating its findings and explaining why it departed from the recommended minimum guidelines.
Section 61.30(1)(a), Florida Statutes (1989) provides:
[T]he trier of fact may order payment of child support in an amount different from such guideline amount upon a written finding, or a specific finding on the record, explaining why ordering payment of such guideline amount would be unjust or inappropriate.
Our review of the record reveals that the trial court did not set forth a specific written finding on the record to justify departure from the statutory guidelines amount. Although not raised by either party on appeal, we point out, sua sponte, that the court should have applied Section 61.30(1)(a), Florida Statutes (1989). In City of Lakeland v. Catinella, 129 So.2d 133 (Fla. 1961), the court said:
Remedial statutes or statutes relating to remedies or modes of procedure, which do not create new or take away vested rights, but only operate in furtherance of the remedy or confirmation of rights already existing, do not come within the legal conception of a retrospective law, or the general rule against retrospective operation of statutes.
*827 Id. at 136 (citing Cunningham v. State Plant Board of Florida, 112 So.2d 905 (Fla. 2d DCA), cert. denied, 115 So.2d 701 (Fla. 1959)). Here, Section 61.30(1)(a), Florida Statutes (1989), is procedural in nature because it only requires the trial court to justify its departure from the recommended minimum amount of child support with specific or written findings. Even if Section 61.30, Florida Statutes (1987) fully applies, the absence of specific or written findings of fact preclude meaningful appellate review of the financial evidence in the lower court proceedings. See Raehn v. Raehn, 557 So.2d 152 (Fla. 1st DCA 1990); Eisner v. Eisner, 513 So.2d 673 (Fla. 1st DCA 1987).
Accordingly, that part of the order awarding child support to appellant below the minimum statutory guidelines amount is reversed and the cause remanded for the entry of an amended order which states findings explaining the reasons for departure from the guidelines, assuming the trial court, on remand, adheres to a guidelines departure support order.
AFFIRMED in part, REVERSED in part, and REMANDED.
SHIVERS, C.J., and SMITH, J., concur.