616 So.2d 158 (1993)
Teresa Jean MARTIN, Appellant,
v.
James H. MARTIN, Appellee.
No. 91-1443.
District Court of Appeal of Florida, Third District.
March 30, 1993.
*159 Andrew M. Leinoff, Coral Gables, and Steve E. Brookner, Miami, for appellant.
Spiegelman & Spiegelman and Robert I. Spiegelman, Miami, for appellee.
Before BARKDULL, COPE and GODERICH, JJ.
PER CURIAM.
The former husband, James H. Martin, concedes that the trial court erred in entering an order that provides that the net proceeds from the sale of the marital residence shall be used as a college fund for the parties' child if the proceeds are not reinvested in another home. See French v. French, 452 So.2d 647 (Fla. 4th DCA 1984) ("trial court has no authority to require a parent to provide a college education for his children"); Lykens v. Lykens, 446 So.2d 256 (Fla. 5th DCA 1984).
The trial court also ordered the former wife, Teresa Jean Martin, to continue paying the mortgage, taxes and insurance on the marital residence until it is sold. The trial court, however, also ordered that no credit be given to the former wife for such payments at the time of the closing. The former husband also concedes that the trial court erred in ordering that the wife not receive a credit for the payments of the mortgage, taxes and insurance. See Kelly v. Kelly, 583 So.2d 667 (Fla. 1991); Leatherwood v. Sandstrom, 583 So.2d 390 (Fla. 4th DCA 1991).
Finally, the former husband cross appeals from the amount awarded for child support. The trial court departed from the child support guidelines without providing "a written finding, or a specific finding on the record, explaining why ordering payment of such guideline amount would be unjust or inappropriate." § 61.30, Fla. Stat. (1991). Accordingly, we reverse the portion of the order awarding child support and remand the cause for the trial court to enter an amended order explaining its reason for departing from the guidelines or to enter an amended order awarding child support within the guidelines. See Walsh v. Walsh, 600 So.2d 1222 (Fla. 1st DCA 1992); Touchstone v. Touchstone, 579 So.2d 826 (Fla. 1st DCA 1991).
For the foregoing reasons we reverse and remand this cause for the trial court to enter an amended order consistent with this opinion.