654 So.2d 259 (1995)
Joan STEWMON, Appellant/Cross-Appellee,
v.
Timothy W. STEWMON, Appellee/Cross-Appellant.
No. 94-00959.
District Court of Appeal of Florida, Second District.
April 28, 1995.
*260 Roberta D. Kushner of Kushner & Kushner, Fort Myers, for appellant.
Linda W. Miller of Allen, Knudsen, DeBoest, Edwards & Roberts, P.A., Fort Myers, for appellee.
RYDER, Acting Chief Judge.
Joan Stewmon, the former wife, challenges the child support award of the amended final judgment of dissolution of marriage, and Timothy Stewmon, the former husband, cross-appeals the award of rehabilitative alimony. We reverse and remand the child support award for further proceedings, but find no merit to the former husband's cross-appeal.
Two children were born of this sixteen-year marriage. During the dissolution proceeding, the former husband was ordered to pay $750.00 per month as child support and $125.00 per month as his share of day care expense. The trial court's amended final judgment ordered guidelines child support based upon the parties' amended financial affidavits. Based upon the figures, the trial court awarded $442.65 per month for the months of August through December 1993, and, effective January 1, 1994, ordered child support in the amount of $350.00 per month. The trial judge made no findings to justify a child support award below the guidelines amount.
The former husband's amended financial affidavit dated May 1993 reflects net income of $2,483.44; the former wife's affidavit dated April 1993, $1,213.00. Pursuant to section 61.30, Florida Statutes (1993), the child support guidelines yield a presumptive payment of $1,208.00 for a combined net income of $3,700.00. The actual combined net income figure here is $3,696.44. The former husband's share of that guidelines amount is $811.78. Of course, the cost of child care must be added to the total minimum guidelines amount pursuant to section 61.30(7). The former wife's child support guidelines worksheet shows a total child care cost of $404.00.
The trial judge impermissibly departed from the presumptive child support guidelines amount without making the requisite findings required by section 61.30(1)(a). See Winters v. Katseralis, 623 So.2d 613 (Fla. 2d DCA 1993); Martin v. Martin, 616 So.2d 158 (Fla. 3d DCA 1993); Dept. of Health and Rehabilitative Services v. Massey, 568 So.2d 1343 (Fla. 5th DCA 1990). The court may, within its discretion, depart from the guidelines only by making a specific finding explaining why the guidelines amount would be unjust or inappropriate. § 61.30(1)(a), Fla. Stat. (1993); Silver v. Borrelli, 584 So.2d 1077 (Fla. 4th DCA 1991); Short v. Short, 577 So.2d 723 (Fla. 2d DCA 1991). The court may adjust the minimum child support award, or either parent's or both parents' share of the minimum child support award, based upon the particular shared parental arrangement such as where the children spend a substantial amount of their time with the secondary residential parent thereby reducing the financial expenditures incurred by the primary residential parent. § 61.30(11)(g), Fla. Stat. (1993).
The record discloses that the former husband anticipated a visitation schedule of two hours on two evenings per week and three *261 weekends per month, but it is not known whether that visitation schedule was followed. Our review of the existing record does not appear to support a conclusion that this "substantial" amount of time with the former husband resulted in a reduction of the former wife's expenditures which would justify a reduction in child support from a presumptive amount exceeding $1,000.00 to $350.00 per month.
We conclude that the trial court erred in failing to make specific findings of fact to justify the lesser child support award. Given the intervening period of time since the most recent financial affidavits were executed in April and May 1993, we suggest that new financial affidavits be prepared for the court's calculation on remand of the presumptive child support guidelines amount.
The former husband concedes error in the trial court's order which allowed him to claim the children as dependents on his federal income tax return without conditioning such right on his being current in his support obligations. See § 61.30(11)(i), Fla. Stat. (1993).
Accordingly, we reverse and remand for further proceedings concerning the child support award and the IRS dependency exemption provision. We affirm the award of rehabilitative alimony.
DANAHY and QUINCE, JJ., concur.