PER CURIAM.
Appellant, Terne Didier, appeals a post-final judgment order in a dissolution of marriage proceeding, which denied her motion for contempt and attorney’s fees, and partially denied her motion for enforcement. She contends the trial court erred in modifying the visitation arrangement and child support obligation, in failing to enforce certain provisions of the amended final judgment regarding a credit union account and medical and dental insurance, in failing to award prejudgment interest on child support and marital property which appellee, Dennis Didier, withheld, and in failing to require appellee to pay her attorney’s fees and costs. We affirm in part, reverse in part and remand.
In the amended final judgment, the trial court awarded appellant primary residential custody of the minor children, approved the parties’ agreement to a flexible visitation plan and awarded appellant $1,524 child support each month, but permitted ap-pellee to pay half that amount “during his actual, extended summer visitation with the minor children if this visitation consists of at least 28 consecutive days.” In entering the above condition to appellee’s obligation for child support, the court apparently intended to conform the child support award with section 61.30(11)(g), Florida Statutes (Supp. 1994), which provides, in part:
If a child has visitation with a noncustodial parent for more than 28 consecutive days the court may reduce the amount of support paid to the custodial parent during the time of visitation not to exceed 50 percent of the amount awarded.
(Emphasis added.)
In the summer of 1994, appellee deducted $1,147.60 as a pro-rata portion of his monthly child support payments for a two-month period based upon the number of days the children had visited him, although their visit did not actually extend to 28 consecutive days. In its order on appellant’s motion to enforce the terms of the final judgment, the court ruled that the former husband had improperly reduced the child support directed to be paid in the judgment, in that his visitation with the children did not extend the requisite *1074 28 days. The court then continued that beginning in the summer of 1995, appellee would be allowed summer visitation with the children for 28 consecutive days, that appellant would be permitted weekend visitation with the children during such time, which would not affect the length of the appellee’s 28-day visitation period, and that in the event appellee exercised his 28-day visitation privilege, he could “reduce his child support by 50 percent for one of the summer months.”
We agree with appellant that the effect of the court’s order is to allow the former husband to reduce future monthly amounts of child support by 50 percent, despite his failure to have continuous, successive custody of the children for 28 days or more. This was error. “Consecutive” means “to follow in uninterrupted succession.” Black’s Law Dictionary 304 (6th ed.1990). If the legislature had intended to permit a former spouse to reduce child support by 50 percent during one parent’s 28-day visitation period, while allowing the other parent the privilege of exercising weekend visitation, it would not have used the word “consecutive.” Therefore, we strike the following portion of the order: “If the Former Wife chooses to exercise weekend visitation during the Former Husband’s 28 day period, this will not affect said 28 day period.” The reduction from the amount ordered to be paid for child support in the final judgment will, therefore, be permitted only if the children stay with appellee more than 28 consecutive days.[1]
As to the second issue, appellant contends that the trial court erred in failing to enforce that portion of the amended final judgment directing appellee to pay her $8,148 from a Harvester’s Credit Union account. Appellee, in fact, paid appellant only $7,641 from the account and, at the hearing on appellant’s motion to enforce the final judgment, testified that the difference of $507 represented the amount he had previously paid his daughter’s dentist, Dr. Sexton, for orthodontic care. We reverse with directions that appellee pay the full amount without deduction.
Appellant submitted into evidence a schedule of payments from Dr. Sexton’s office, revealing that $2,267.50 had been paid as of June, 1, 1994, leaving a zero balance. The amended final judgment, entered four months after payment of the dental bill, recited that the parties had $50,287 on balance in the Harvester’s Credit Union account, but that this sum had been reduced by the marital expenditure of $2,220 for “children’s orthodontics,” among other things. Thus, before the trial court directed appellee to pay his former wife $8,148 in the final judgment, the trial court found that all payments had been made to Dr. Sexton from marital funds, and appellee failed to submit any evidence showing that he had paid the $507 from personal funds.
As to the trial court’s failure to award prejudgment interest on certain amounts withheld by appellee, we also agree that the trial court erred in refusing to award appellant such interest on the sum of $1,147.60, which the court concluded appellee had improperly withheld from his child support payments for August and September 1994. Romans v. Romans, 611 So.2d 92 (Fla. 1st DCA 1992). Similarly, appellant is entitled to prejudgment interest on the $507 appellee improperly withheld from the amount directed to be paid from the credit union account. See Argonaut Ins. Co. v. May Plumbing Co., 474 So.2d 212, 215 (Fla.1985).
As to appellant’s assertions that the trial court committed error in refusing to require appellee to provide her with certain sums in connection with medical and dental insurance, we affirm. Nothing in the amended final judgment required appellee to obtain medical insurance for the children at a lower deductible rate than he has at present. Moreover, the judgment expressly directed him to maintain dental insurance on the minor children, thus she is not entitled to reim *1075 bursement for coverage she may have provided simultaneously.
Appellant has also failed to establish that the trial court abused its discretion in declining to award her attorney’s fees for services provided in the proceedings below. The parties’ financial affidavits show a comparable monthly net income, after adding back the boat expenses which appellee testified he no longer pays.[2] Moreover, in the amended final judgment, which was not the subject of an appeal, the court found that as a result of the alimony awarded the former wife and the equitable distribution of the marital assets, neither party is in a superior position to afford the other’s attorney fees, and, therefore, directed each party to be responsible for his or her own fees. Nothing in the record since the entry of the amended final judgment in October 1994 reveals the existence of any changed financial circumstances of the parties. Although the trial court is entitled to consider whether appel-lee’s acts compelled appellant to initiate the enforcement proceeding, appellee was recalcitrant on only two of the four issues. Moreover, appellee’s testimony supports a conclusion that the parties’ disputes over these issues were not unreasonable and were conducted in good faith. Meloan v. Coverdale, 525 So.2d 935 (Fla. 3d DCA), review denied, 536 So.2d 243 (Fla.1988). Although it is undisputed that appellee has far more cash on hand than appellant, this single disparity does not establish an abuse of discretion on the part of the trial court, in light of the other factors discussed above.
AFFIRMED IN PART, REVERSED IN PART and REMANDED for further proceedings consistent with this opinion.
ERVIN, WOLF and VAN NORTWICK, JJ., concur.

. The final judgment stated that the former husband was entitled, at the minimum, to visitation as set forth in the court's Standard Visitation Schedule. This schedule permits the former wife to have weekend visitation with the children during the summer month when they are with their father. The schedule, however, did not authorize the court to reduce appellee’s child support by 50 percent under such circumstances.

. The record does not establish that appellee’s monthly payments into a 40IK plan are voluntary, as opposed to mandatory. Cf. Mulford v. Sullivan, 560 So.2d 1364 (Fla. 1st DCA 1990).