675 So.2d 679 (1996)
STATE of Florida, DEPARTMENT OF REVENUE, By and on Behalf of Cynthia BUNTING, Appellant,
v.
Davis S. CAIN, Appellee.
No. 95-4498.
District Court of Appeal of Florida, First District.
June 19, 1996.
*680 Joseph R. Boyd and William H. Branch of Boyd & Branch, P.A., Tallahassee; and Chriss Walker for Department of Revenue, Office of Child Support Enforcement, Tallahassee, for Appellant.
Gunnar D. Huber of Hunter & Hunter, P.A., Hollywood, for Appellee.
PER CURIAM.
This is an appeal from an order determining that the child support guidelines are not applicable to appellant's petition for modification. We reverse and remand for further proceedings.
When the marriage of Bunting and Cain was dissolved, appellee was ordered to pay $391.50 per month as child support for one child. Subsequently, due to injury and unemployment, his obligation was reduced to $154.28 per month plus $100 per month in arrearages. Appellee again became employed, and appellant filed a petition for modification of child support.
At hearing, testimony was presented of the child's increased needs and appellee's current employment status and earnings. In addition, appellee stated he has had a leg prosthesis all of his life which is in need of replacement, at an estimated cost of $7800. Appellee also said he believed he could now pay $300 per month in child support. The guidelines indicated appellee's presumptive obligation was $410 per month. The trial court found that the guidelines did not apply in this case, and ordered appellee to pay $250 per month in child support.
The guidelines apply to petitions for modification of child support. See § 61.30(1)(a), Fla. Stat. The trial court is permitted to deviate more than five percent from the presumptive guideline amount "upon a written finding, or a specific finding on the record, explaining why ordering payment of such guideline amount would be unjust or inappropriate." Id. See also Pitts v. Pitts, 626 So.2d 278 (Fla. 1st DCA 1993). While we believe the trial court, in determining whether payment of the guideline amount would be unjust or inappropriate, may consider appellee's apparent need to replace his prosthesis, see § 61.30(11)(a), Fla. Stat., specific findings are required as to the impact of this expense on appellee's ability to pay the guideline amount. See, e.g., Reynolds v. Reynolds, 668 So.2d 245 (Fla. 1st DCA 1996); Riley v. Parker, 624 So.2d 828 (Fla. 1st DCA 1993). Without such findings, meaningful appellate review is not possible. See Touchstone v. Touchstone, 579 So.2d 826 (Fla. 1st DCA 1991). We note that appellee himself testified he thought he could pay $300 per month, and suggest the court also should consider this testimony on remand.
REVERSED and REMANDED for further consistent proceedings.
BOOTH, JOANOS and
VAN NORTWICK, JJ., concur.