675 So.2d 691 (1996)
STATE of Florida, DEPARTMENT OF REVENUE, by and on Behalf of Theresa A. YOUNG, Appellant,
v.
Jimmy L. SUMBLIN, Appellee.
No. 95-4549.
District Court of Appeal of Florida, First District.
June 25, 1996.
*692 Joseph R. Boyd and William H. Branch of Boyd & Branch, P.A., Tallahassee; and Chriss Walker of Department of Revenue, Office of Child Support Enforcement, Tallahassee, for Appellant.
Charles W. Reid and David R. Swanick III of Powell, Jones & Reid, Niceville, for Appellee.
PER CURIAM.
In this appeal from an order denying modification of child support, appellant contends the trial court erred in basing its ruling on the sole finding that Young was voluntarily underemployed. We agree and reverse.
The marriage of Young and Sumblin was dissolved in 1987 when the minor daughter was two years old. At that time, the parties agreed upon child support in the amount of $200 per month. At the time of the petition for modification, the child was eleven years old, and Young testified to some increased expenses on her behalf. Appellee had experienced an increase in his income. Appellant also asserted that by virtue of sections 61.30(1)(a) and 61.30(1)(b), Florida Statutes, there had been a substantial change in circumstances, in that the guidelines amount of child support represented more than a fifteen percent or $50 increase over the amount originally ordered. The evidence also indicated that at the time of the dissolution, appellant earned about $200 per week working two jobs, as a waitress and bartender, and that at the time of modification, she was earning only $400 to $480 per month. She testified that she worked around her daughter's school schedule and tried to be home when the school bus arrived in the afternoon. The trial court simply denied modification due to her underemployment. This was error.
The child support guidelines are applicable to modification proceedings. See State, Department of Health and Rehabilitative Services v. Norman, 646 So.2d 846 (Fla. 1st DCA 1994); Jones v. Jones, 636 So.2d 867 (Fla. 4th DCA 1994). The guidelines may provide the basis for finding a substantial change in circumstances, and the guidelines amount is presumptively the amount the trier of fact shall order in either an initial or modification proceeding. See §§ 61.30(1)(a), 61.30(1)(b), Fla.Stat.; Matthews v. Matthews, 677 So.2d 323 (Fla. 1st DCA, 1996). The existence of a settlement agreement does not result in the placement of a heavier burden of proof on the party moving for modification, at least not when an increase is sought. See Section 61.14(7), Fla. Stat.; Matthews.
Rather than simply denying modification, the trial court should have determined whether it was appropriate to impute income to Young. In doing so, the trial court should have considered whether it was necessary for Young, as the primary residential parent, to be at home with the child, see section 61.30(2)(b). Apparently the trial court did *693 not do so, as there are no specific findings on that issue. See Harrison v. Harrison, 573 So.2d 1018 (Fla. 1st DCA 1991). If the court finds it appropriate to impute income, it should then calculate the respective guidelines obligations based on the imputed income.
According to our informal calculations, whether or not income is imputed, there is a difference between support currently being paid and the guidelines amount for the parties' incomes of more than fifteen percent or $50, which may justify a finding of a substantial change in circumstances. While the statute does not mandate a conclusion that there has been a substantial change in circumstances, the statute does require the trial court to consider the appropriate statutory criteria, and to make appropriate findings of fact to support its rulings. Such findings include an explanation of "`why ordering payment of such guideline amount would be unjust or inappropriate,'" and "why variance from the guidelines did not demonstrate a substantial change in circumstances." Matthews, citing Ballantyne v. Ballantyne, 666 So.2d 957 (Fla. 1st DCA 1996); Jones v. Jones, 636 So.2d 867 (Fla. 4th DCA 1994); and Whight v. Whight, 635 So.2d 135 (Fla. 1st DCA 1994).
REVERSED and REMANDED for further proceedings consistent with this opinion.
BOOTH, JOANOS and
VAN NORTWICK, JJ., concur.