724 So.2d 196 (1999)
Mary McGHEE and the State of Florida, Department of Revenue, Appellants,
v.
Andre CHILDRESS, Appellee.
No. 98-1234
District Court of Appeal of Florida, First District.
January 27, 1999.
Diane Tutt, Plantation and Chriss Walker, Tallahassee, for Appellants.
No Appearance for Appellee.
PER CURIAM.
Appellants appeal an order of the trial court modifying the appellee's child support obligation. We affirm the trial court's finding that the circumstances justify an increase in the amount of child support paid by the appellee. However, we reverse the trial court's deviation from the child support guideline amount.
In 1988, a final judgment of paternity was entered finding the appellee to be the father of two minor children. The judgment also established the appellee's child support obligation at $129.00 per month. On November 18, 1997, the appellants filed a petition for modification seeking an increase in the appellee's child support obligation. The appellee did not respond to the petition, and a default judgment was entered against him on December 30, 1997. After a hearing, the court entered an order determining the amount of the appellee's obligation.
Pursuant to section 61.30, Florida Statutes, the appellee's support obligation was calculated to be $251.00 per month for the two children. The trial court, while finding that there had been a substantial change in circumstances sufficient to justify an increase in the amount of child support, deviated from the guideline amount of $251.00 and ordered the appellee to pay $200.00 per month.
*197 The guideline amount is presumptively correct. See § 61.30, Fla. Stat. (1997); State, Dept. of Revenue By and On Behalf of Young v. Sumblin, 675 So.2d 691 (Fla. 1st DCA 1996). The court's order requiring the appellee to pay $200.00 per month is a twenty percent deviation from the guideline amount. Section 61.30(1)(a), Florida Statutes states that "[t]he trier of fact may order payment of child support in an amount which varies more than 5 percent from such guideline amount only upon a written finding, or a specific finding on the record, explaining why ordering payment of such guideline amount would be unjust or inappropriate." See State, Dept. of Revenue By and On Behalf of Bunting v. Cain, 675 So.2d 679 (Fla. 1st DCA 1996); Stewmon v. Stewmon, 654 So.2d 259 (Fla. 2d DCA 1995). In its order, the court stated that the deviation from the statutory guidelines is "based on the fact that the appellee's salary is currently at the minimum wage." However, a party's earnings are already taken into consideration when calculating the guideline child support obligation of the party. See § 61.30, Fla. Stat. (1997). Consequently, the fact that the appellee's salary is currently at the minimum wage cannot be used as a reason to deviate from the guideline amount.
Furthermore, the court's reason for deviating does not comport with section 61.30(11), Florida Statutes, which lists criteria that the court can consider in adjusting the guideline amount. See Reynolds v. Reynolds, 668 So.2d 245 (Fla. 1st DCA 1996). Because the court's reason for deviating from the guidelines is legally insufficient, we reverse the portion of the order determining the amount of child support. See, e.g., Riley v. Parker, 624 So.2d 828 (Fla. 1st DCA 1993).
Affirmed in part and reversed in part.
BENTON, VAN NORTWICK and PADOVANO, JJ., CONCUR.