727 So.2d 1092 (1999)
Sonja S. Livingston GOMEZ, Appellant,
v.
Rolando R. GOMEZ, Appellee.
No. 98-2432.
District Court of Appeal of Florida, First District.
March 3, 1999.
*1093 Gary L. Printy of the Law Office of Gary L. Printy, Tallahassee, for Appellant.
Appellee pro se.
BENTON, J.
Sonja Livingston Gomez appeals the final judgment dissolving her marriage to Rolando R. Gomez insofar as it orders that she pay him child support when he takes the parties' three minor children for the summer. We agree with Ms. Gomez's contention that the judgment runs afoul of section 61.30(1)(a) and (11)(g), Florida Statutes (1997), in reversing the flow of child support during summer visitation without explanatory findings. Accordingly, we reverse and remand for further proceedings.
Conferring parental responsibility jointly, the decree provides that Ms. Gomez shall maintain the "children's primary physical residence," but contemplates the children's spending most of the summer school recess with Mr. Gomez. During the school year, Ms. Gomez is to have custody of the children and Mr. Gomez is to pay child support to her in the amount of $600 per month. The judgment provides:
During the months of June and July, so long as the Husband is exercising his visitation, the Wife is directed to pay the Husband the sum of $750.00 per month. If the husband fails to exercise his summer visitation, his support obligation of $600.00 per month shall continue.
During the month of August the Wife shall pay the Husband the total of $24.00 per day ($750.00 divided by 31 days) for the days the children are with the Husband until the children return to the Wife the week before school resumes. The Husband shall pay the Wife the total of $19.35 per day ($600.00 divided by 31 days) for the remaining days in the month of August.
Not only is Mr. Gomez's obligation to pay child support while the children are with him during the summer months eliminated, Ms. Gomez is required to pay him child support. Unlike Mr. Gomez, who can apparently forgo summer visitation, if financial or other circumstances dictate, Ms. Gomez is obliged to maintain a residence suitable for herself and three children.
Presumably because of the primary residential parent's ongoing financial obligations, the guidelines, specifically section 61.30(11)(g), Florida Statutes (1997), limit reductions in child support while children are living with the noncustodial parent to 50 percent of the normal guideline amount:
The court may adjust the minimum child support award, or either or both parent's share of the minimum child support award, based upon the following considerations:
. . . .
(g) The particular shared parental arrangement, such as where the children spend a substantial amount of their time with the secondary residential parent thereby reducing the financial expenditures incurred by the primary residential parent, or the refusal of the secondary residential parent to become involved in the activities of the child, or giving due consideration to the primary residential parent's homemaking services. If a child has visitation with a noncustodial parent for more than 28 consecutive days the court may reduce the amount of support paid to the custodial parent during the time of visitation not to exceed 50 percent of the amount awarded.

§ 61.30(11), Fla. Stat. (1997) (emphasis supplied). The former wife's housing expenditures as the primary residential parent will not automatically cease during the summer months. Cf. Pridgeon v. Pridgeon, 632 So.2d 257, 260 (Fla. 1st DCA 1994) ("It would appear unlikely, however, that her financial expenditures would be reduced to nothing. This is particularly true in light of the fact that the child returns to Mrs. Pridgeon just before the beginning of the school year ... at which time he must presumably be outfitted with clothes and school supplies.").
*1094 The trial court's judgment contains no findings as to the extent to which Ms. Gomez's expenditures may be expected to fall while the children are with their father. See Stewmon v. Stewmon, 654 So.2d 259, 260-61 (Fla. 2d DCA 1995); Pridgeon, 632 So.2d at 260; see also Didier v. Didier, 669 So.2d 1072, 1073-74 (Fla. 1st DCA 1996). Nor do any other findings explain the trial court's dramatic deviation from the guidelines. The absence of "a written finding explaining why ordering payment of such guideline amount would be unjust or inappropriate" requires reversal. See Stewmon, 654 So.2d at 261; Pridgeon, 632 So.2d at 260.
The trier of fact may order payment of child support in an amount which varies more than 5 percent from such guideline amount only upon a written finding, or a specific finding on the record, explaining why ordering payment of such guideline amount would be unjust or inappropriate.
§ 61.30(1)(a), Fla. Stat. (1997). On remand, the trial court should adhere to the guidelines, including section 61.30(11)(g), Florida Statutes (1997), or enter "an amended order which states findings explaining the reasons for departure from the guidelines." Touchstone v. Touchstone, 579 So.2d 826, 827 (Fla. 1st DCA 1991); see also State, Dep't of Health and Rehabilitative Servs. v. Norman, 646 So.2d 846 (Fla. 1st DCA 1994); Martin v. Martin, 616 So.2d 158 (Fla. 3d DCA 1993); State, Dep't of Health and Rehabilitative Servs. on Behalf of Sherrouse v. Bush, 614 So.2d 32 (Fla. 1st DCA 1993).
Reversed and remanded.
VAN NORTWICK and PADOVANO, JJ., CONCUR.