PER CURIAM.
Sabrina Davis (Davis), and the Florida Department of Revenue (Department), *1227 filed a Petition for Upward Modification of Child Support seeking an increase in payments made by Thomas Spencer (Spencer) for support of the couple’s minor child. Spencer’s original child support obligation was $50 per month. The Department submitted a child support guidelines worksheet based on Spencer’s income of $7.00 per hour. Davis’s income was imputed at minimum wage. The child support guidelines worksheet established Spencer’s support obligation to be $178.50 per month, a figure that is not in dispute in the instant case.
The trial court, reasoning that it was improper to increase Spencer’s child support obligation “by 300 to 400 percent,” did not order Spencer to immediately begin paying the full child support amount required under the guidelines. Rather, the court ordered Spencer to increase his payments from $50 to $100 for the months of July, August, September, and October of 1998. Thereafter, beginning in November of 1998, Spencer was to pay $170 per month as required under the guidelines. Davis argues that the trial court did not present a legally sufficient reason for the temporary downward deviation from the guidelines. We agree and reverse.
This court, in State, Department of Revenue v. Sumblin, 675 So.2d 691 (Fla. 1st DCA 1996), held:
The child support guidelines are applicable to modification proceedings. The guidelines may provide the basis for finding a substantial change in circumstances, and the guidelines amount is presumptively the amount the trier of fact shall order in either an initial or modification proceeding.
Sumblin, 675 So.2d at 692 (citations omitted) (emphasis added). The trial court may deviate from the presumptive amount-set forth in the guidelines provided the court “explain[s] in writing or announce^] a specific finding on the record as to the statutory factors supporting the varied amount.” Finley v. Scott, 707 So.2d 1112, 1117 (Fla.1998). The reason provided by the trial court for the downward deviation in the instant case, namely, that it was unfair to Spencer to increase his support payments immediately, was not a legally sufficient reason for requiring Spencer to pay less than the guideline amount for the four month period in question. See Crowley v. Crowley, 672 So.2d 597 (Fla. 1st DCA 1996)(holding that Spouse’s past income should not take precedence over un-controverted evidence of his or her present income in determining ability to pay support follpwing divorce). Accordingly, we reverse the modification order and remand with instructions to award Davis the full amount to which she was entitled under the child support guidelines for the four month period in question.
REVERSED and REMANDED for consistent proceedings.
ERVIN, LAWRENCE and BROWNING, JJ., CONCUR.