BENTON, J.
Beatrice Bolds and the Department of Revenue appeal an order modifying Freddie Strong’s child support obligation because the amount specified deviated from the guidelines by more than five percent. We approve the trial court’s decision to increase child support. But we reverse the trial court’s award of less than the guideline amount because the reasons given for deviation are insufficient as a matter of law.
After Mr. Strong stipulated that he was the natural father of Ms. Bolds’s oldest child, child support was ordered at $42 per month in 1981. In 1983, after a second child was born, child support was judicially *488 adjusted to $65 per month for both children. In 1998, Ms. Bolds and the Department of Revenue filed a petition for modification of child support. Mr. Strong did not answer the petition and a default was entered against him.
He did appear at a hearing on May 14, 1998, however, where he did not dispute that the guideline amount was $280 per month. Noting that Mr. Strong had been paying only $65 per month, the court expressed concern about the magnitude of the increase, and ordered payment of $200 per month, stating that “a 320 percent increase is unfair.” The trial court entered a corrected modification order on July 16, 1998, further explaining its deviation from the guidelines on grounds that “the full 326% increase when the respondent survives on a minimum wage income would leave the respondent in a position of being unable to provide for himself.”
Neither the trial court’s explanation in the written order nor its stated reason at hearing justifies a departure from the guidelines. As we have previously held:
The guideline amount is presumptively correct. See § 61.30, Fla.Stat. (1997); State, Dept. of Revenue By and On Behalf of Young v. Sumblin, 675 So.2d 691 (Fla. 1st DCA 1996).... Section 61.30(l)(a), Florida Statutes states that “[t]he trier of fact may order payment of child support in an amount which varies more than 5 percent from such guideline amount only upon a written finding, or a specific finding on the record, explaining why ordering payment of such guideline amount would be unjust or inappropriate.” See State, Dept. of Revenue By and On Behalf of Bunting v. Cain, 675 So.2d 679 (Fla. 1st DCA 1996); Stewmon v. Stewmon, 654 So.2d 259 (Fla. 2d DCA 1995). In its order, the court stated that the deviation from the statutory guidelines is “based on the fact that the appellee’s salary is currently at the minimum wage.” However, a party’s earnings are already taken into consideration when calculating the guideline child support obligation of the party. See § 61.30, Fla.Stat. (1997). Consequently, the fact that the appellee’s salary is currently at the minimum wage cannot be used as a reason to deviate from the guideline amount.
McGhee v. Childress, 724 So.2d 196, 197 (Fla. 1st DCA 1999); see also Davis v. Spencer, 737 So.2d 1226 (Fla. 1st DCA 1999); Riley v. Parker, 624 So.2d 828, 828 (Fla. 1st DCA 1993). Two hundred dollars per month is some twenty-nine 'percent less than what the guidelines call for.
The trial court’s unelaborated assertion that the guideline amount would leave Mr. Strong unable to support himself because he makes minimum wage does not differ materially from the finding in McGhee. Under McGhee, it does not amount to a “specific finding” that would justify a deviation from the guideline amount. The trial court also indicated that Ms. Bolds should have sought an increase in child support sooner. The fact that Ms. Bolds did not seek modification earlier worked to Mr. Strong’s advantage: He was never ordered to pay the full amount of child support the guidelines called for at the time. In the present proceeding, Ms. Bolds is not seeking retroactive child support for the period before the date she filed the petition.
Reversed and remanded with directions to order child support in the guideline amount.
BOOTH, J„ and SMITH, LARRY G., Senior Judge, concur.