IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

DEPARTMENT OF REVENUE,

     Appellant,

v.

MALGROT NUNEZ,

     Appellee.

_____/

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

CASE NO. 1D15-3367

Opinion filed August 4, 2016.

An appeal from an order of the Division of Administrative Hearings.
Robert E. Meale, Judge.

Pamela Jo Bondi, Attorney General, and Toni C. Bernstein, Assistant Attorney
General, Tallahassee, for Appellant.

No appearance for Appellee.

PER CURIAM.

     The Florida Department of Revenue appeals an order modifying Malgrot

Nunez's child support obligation because the administrative law judge (ALJ) failed

to hold Mr. Nunez responsible for paying his 32% share of his child's noncovered

medical expenses. We reverse the ALJ's award, a dramatic deviation from the

statutory guideline amount, because the reasons given for the deviation are insufficient as a matter of law.

After an administrative hearing was held, the ALJ below found that Mr. Nunez's net monthly income is $660, the child's mother's net monthly income is $1,405.93, and the total monthly child support need under the Florida Child Support Guidelines is $572. The trial court held that Mr. Nunez's share of the total child support need is $99 per month, i.e., 32% of $572, minus the $84 the child already receives from Mr. Nunez's Social Security Disability benefits. Mr. Nunez was also ordered to pay an additional $6 per month in retroactive child support. Finally, the ALJ held that Mr. Nunez was responsible for paying 0% of the child's noncovered medical expenses "due to a demonstrated inability to pay. He is a ward due to bipolar disorder."

Section 61.30, Florida Statutes (2014), provides child support guidelines that "presumptively establish[] the amount the trier of fact shall order as child support in . . . [a] modification of an existing order for such support." § 61.30(1)(a), Fla. Stat. (2014). The amount of the basic support monthly obligation is determined by reference to a chart provided in section 61.30(6), which calculates that obligation on the basis of the obligor parents' combined income and the number of children they share. Each parent is responsible for the amount of that basic obligation that corresponds to his or her percentage share of the combined monthly net income.

2

Section 61.30(7) provides that child care costs be added to this basic obligation. Finally, according to section 61.30(8), noncovered medical expenses are added to the obligation "unless these expenses have been ordered to be separately paid on a percentage basis." "[A]s a general rule, if noncovered medical expenses are ordered to be separately paid, 'absent some logically established rationale in the final judgment to the contrary, [they] must be allocated in the same percentage as the child support allocation.'" Mayfield v. Mayfield, 103 So. 3d 968, 972 (Fla. 1st DCA 2012) (quoting Zinovoy v. Zinovoy, 50 So. 3d 763, 764–65 (Fla. 2d DCA 2010)). See also § 61.13(1)(b), Fla. Stat. (2014).

Section 61.30(1)(a), however, provides that the trial court may order payment of child support that varies, *within five percentage points*, from the guideline amount "after considering all relevant factors, including . . . the financial status and ability of each parent," but may depart from this five percentage point limitation "upon a written finding explaining why ordering payment of such guideline amount would be unjust or inappropriate." Section 61.30(11)(a) provides grounds upon which the trial court may so deviate, including "[a]ny other adjustment which is needed to achieve an equitable result which may include, *but not be limited to*, a reasonable and necessary existing expense or debt." § 61.30(11)(a)11., Fla. Stat. (2014) (emphasis added); see also Dep't of Revenue v. Jackson, 846 So. 2d 486, 490 (Fla. 2003) ("[T]he trial court is vested with discretion to vary the support amount after

considering all relevant factors, including, but not limited to . . . the financial status and ability of each parent."); Finley v. Scott, 707 So. 2d 1112, 1117 (Fla. 1998) ("The court is then to evaluate from the record the statutory criteria of . . . the financial status and ability of each parent[.]").

In the case before us, the ALJ found that both parents' combined net monthly income was $2,065.93. The total monthly support need was therefore $452. See § 61.30(6), Fla. Stat. (2014). To this, child care expenses of $120 were added, for a total of $572 in total monthly support need. Mr. Nunez's basic support obligation was $183.04, 32% of $572, corresponding with his percentage share of the combined net monthly income. However, even though Mr. Nunez's share of support was 32% and the mother's was 68%, the trial court held that Mr. Nunez was responsible for paying 0%, and the mother 100%, of the child's noncovered medical expenses. The record indicates that the trial court's *sole* basis for its finding that Mr. Nunez was unable to pay any of his child's noncovered medical expenses was his remaining net monthly income, after child support, of $555.

This Court has previously held that low income is not a sufficient basis for deviating from the statutory guideline amount because "a party's earnings are already taken into consideration when calculating the guideline child support obligation of the party." Bolds v. Strong, 744 So. 2d 487, 488 (Fla. 1st DCA 1999) (quoting McGhee v. Childress, 724 So. 2d 196, 197 (Fla. 1st DCA 1999)). In the

4

present case, no evidence was proffered at the administrative hearing to support the ALJ's finding that Mr. Nunez was unable to pay anything toward the child's noncovered medical expenses. The ALJ merely took cursory notice of Mr. Nunez's net monthly income and his affliction with a serious mental illness (bipolar disorder) without receiving any evidence of Mr. Nunez's monthly expenses or costs associated with his disability. Under this Court's precedents, the ALJ's reasons for finding Mr. Nunez unable to pay any support toward the child's noncovered medical expenses are insufficient as a matter of law. In the absence of competent substantial evidence, that finding also constituted abuse of discretion.

We emphasize that this Court's holding here, as in Bolds and McGhee, should not be construed as a denial of the trial court's prerogative to deviate from the statutory support guidelines on the basis of an obligor parent's inability to pay. Rather, we have held, and do hold today, that a trial court must not so deviate without making specific findings of fact, based on competent substantial evidence, of such inability. A mere notice of the absolute dollar amount of a parent's net monthly income is insufficient to establish inability to pay, but such a finding may be appropriate when the trial court receives competent substantial evidence of a parent's monthly expenses, including expenses associated with a serious medical condition. See Bolds, 744 So. 2d at 488 ("The trial court's *unelaborated* assertion that the guideline amount would leave Mr. Strong unable to support himself because

5

he makes minimum wage does not differ materially from the finding in <u>McGhee</u>. Under <u>McGhee</u>, it does not amount to a '*specific* finding' that would justify a deviation from the guideline amount.") (emphasis added).

Because mere notice of Mr. Nunez's low income was an insufficient basis for deviating from the statutory child support guidelines, we reverse the ALJ's Final Administrative Support Modification Order and remand with directions to order Mr. Nunez to pay 32% of the child's noncovered medical expenses.

REVERSED and REMANDED with directions.

ROBERTS, C.J., KELSEY and JAY, JJ., CONCUR.